## KRIEBEL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 13, 1926.)

No. 3689.

**1. Criminal law ⚖=1001—Trial court held to have jurisdiction, after term and after affirmance on appeal, to hear petition for probation; "suspend;" "impose;" "imposition;" "execution;" "imposition of sentence."**

After affirmance of conviction by Circuit Court of Appeals, denial by Supreme Court of petition for certiorari, and going down of mandate, and after term at which sentence was imposed, trial court has jurisdiction or power to hear petition for probation, under Act March 4, 1925 (Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c), authorizing courts having original jurisdiction of criminal actions, except in District of Columbia, "to suspend the imposition or execution of sentence"; "suspend" meaning to cause to cease for a time; hinder from proceeding; interrupt; stay; delay; to hold undetermined; "impose" meaning to lay on, and "imposition" a placing, putting, or laying on; "execution" the act or process of carrying out in accordance with a plan, purpose, or order; "imposition of sentence" the laying on of sentence on defendant or the act of sentencing.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Imposition; First and Second Series, Execute; Impose; Suspend—Suspension.]

**2. Criminal law ⚖=1001—Suspension of execution of sentence is not an unauthorized setting aside or alteration thereof.**

Court's suspension of execution of sentence under Probation Act (Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c), after term at which imposed is not an unauthorized setting aside or alteration of its judgment.

---

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Fred L. Kriebel was convicted of a violation of the Criminal Code, and he brings error to review an order denying his petition for probation, for want of jurisdiction to hear it, after affirmance of conviction on appeal and denial of certiorari by Supreme Court. Order reversed, and cause remanded.

See, also, 8 F. (2d) 692.

Robt. N. Golding, of Chicago, Ill., for plaintiff in error.

John E. Byrne, of Chicago, Ill., for the United States.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plaintiff in error was indicted, tried, and convicted in the court below for violation of sections 215 and 37 of the Criminal Code (Comp. St. §§ 10201, 10385), and on December 3, 1923, was sentenced to serve three years and a day in the United States penitentiary at Leavenworth, Kan., and to pay a fine of $5,000. He sued out a writ of error to this court and supersedeas was granted. On March 12, 1925, the judgment was affirmed. A petition for rehearing was filed, and on October 21, 1925, denied. On the next day this court entered an order staying the mandate until the further order of the court. The stay was granted to give the plaintiff in error an opportunity to petition the Supreme Court to review the order of this court. This petition was denied, and on December 4, 1925, this court issued its mandate to the court below, directing "that such further proceedings be had in said cause as according to right and justice, and the laws of the United States, ought to be had, the said writ of error notwithstanding."

On December 10, 1925, plaintiff in error filed in the court below a petition for probation under the Act of March 4, 1925 (Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c). After setting forth the above facts, and giving reasons why he asked the benefits of the act, he prayed the court "to admit him to the benefits of said act, and to suspend the execution of sentence, and to place him upon probation for such period and upon such terms and conditions as the court may deem best." Upon this petition the court below entered the following order:

"This cause coming on to be heard this 10th day of December, A. D. 1925, on the petition of Fred L. Kriebel, defendant, filed December 10, A. D. 1925, to admit him to probation pursuant to the terms of the act of Congress entitled 'An act to provide for the establishment of a probation system in the United States courts, except in the District of Columbia,' and the court, having examined so much of, and only so much of, said petition as alleges that judgment was entered on December 3, 1923, and that said judgment was affirmed by the Circuit Court of Appeals for the Seventh Circuit on March 12, 1925, and that a rehearing thereon was denied by said court on October 1, 1925, and that the mandate of said court has been received by this court, doth find that this court, after affirmance of said judgment and after the expiration of the term of this court, at which it was entered has expired, is without and has no jurisdiction or power to entertain or hear said petition, or to admit the defendant to probation under the terms of said act of Congress. It is therefore by reason of the premises, and only by reason thereof, ordered that the prayer of said petition be denied. An exception is allowed defendant to the entry of this order."

The District Court ruled that, because the petition was filed after the term at which sentence was imposed, and after the affirmance of the judgment here, it was without power to entertain the petition. This ruling is assigned as error, and the question presented is whether the court below had power under the facts stated to hear and decide the petition. [1] The Circuit Court of Appeals of the Ninth Circuit had this question before it in Nix v. James, 7 F.(2d) 590, and decided that the District Court could and should hear a petition under the act after the expiration of the term and after affirmance on writ of error. We agree with the conclusions there reached, and think there are additional reasons for so holding in the case now under consideration. The Supreme Court having decided in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178; Ann. Cas. 1917B, 355, that the District Courts were without power to suspend permanently the imposition or execution of sentence, Congress passed the Probation Act to enable them to do so. The power is granted in the first section of the act. So far as it is pertinent to the question now under consideration it reads:

"The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that

the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best."

It will be noted power is given to suspend either the imposition or the execution of sentence. What do these words mean? The Century Dictionary defines "suspend": "To cause to cease for a time; hinder from proceeding; interrupt; stay; delay; to hold undetermined." "Impose" is defined to mean, "to lay on," and "imposition" is "a placing, putting or laying on"; "execution" is "the act or process of carrying out in accordance with a plan, a purpose, or an order." The imposition of sentence means laying the sentence upon the defendant, that is, the act of sentencing him; the imposition of a sentence and the execution of it are two different things, and the suspension of one is a different thing from the suspension of the other. It is quite apparent that the suspension of the imposition of the sentence must come before the imposition of it—that is, before sentence—so that to speak of the suspension of the imposition of a sentence after the term at which it was imposed is to use words loosely. The petition in this case did not ask the court to suspend the imposition of the sentence, but to suspend the execution of it; that is, to suspend, or hold back, the act or process of carrying out the sentence.

We are concerned here with a grant of power. The statute fixes a time when the exercise of it may begin, providing that it may by done "after conviction or after a plea of guilty or nolo contendere," but there is no limitation in the statute that it shall not be exercised after some other event. It is urged with much force that it is inapplicable to a defendant who has begun the service of his term of imprisonment, on the ground that his case is provided for by the Parole Act (Comp. St. § 10535 et seq.), and that the beginning of service terminates the right. This question is not before us, and we do not decide it. Nothing is suggested that would terminate the right before that time, and plaintiff in error has not yet begun service of his sentence. There would probably be an inconsistency in permitting a defendant to prosecute a writ of error and petition for the benefits of the Probation Law at the same time, but we are not now confronted with that question.

[2] Relying on United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129, holding that the court cannot set aside or alter its judgment after the expiration of the term at which it is entered, the defendant in error argues that to suspend the execution of a sentence is to set aside or alter the sentence. This seems to have been conceded in Nix v. James, supra. We cannot agree to this. It has never been contended that the statute providing for the release from jail of a poor convict imprisoned for nonpayment of a fine or fine and costs provided a method for setting aside or altering the judgment. It is only a way of relieving from further service under the sentence. Nor has the Parole Act been held to have this effect. In United States v. Pile, 130 U. S. 280, 9 S. Ct. 523, 32 L. Ed. 904, the Supreme Court decided that an order suspending the execution of judgment did not set the judgment aside. We do not think the fact that a writ of error was taken to this court and a petition filed for certiorari to the Supreme Court should be held to foreclose the right to petition for the suspension of the execution of the sentence. The District Court might, in exercising its discretion upon the petition, take such action into consideration, but no reason is suggested why such action should bar a defendant from presenting his petition.

The District Court should have heard the petition, and the order is reversed, and the cause is remanded for further proceedings in accordance herewith.