## UNITED STATES v. FELDER et al.

(District Court, S. D. New York. March 5, 1926.)

1. **Criminal law** ⬅⟿998.

In absence of contrary statute, court cannot set aside or alter its final judgment after expiration of term, unless proceeding therefor was begun during term.

2. **Criminal law** ⬅⟿998—Statute empowering court to "suspend" sentence and put defendant on probation held not to authorize court to eliminate or modify sentence after expiration of term, in absence of motion made during term; "modify;" "suspend" (Probation Act March 4, 1925 [Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c]).

Probation Act March 4, 1925 (Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c), empowering the court to suspend sentence and place defendant on probation, *held* not to authorize court to eliminate or modify sentence after expiration of term, by remitting fine imposed or otherwise, in absence of motion to modify sentence made during term; "suspend" meaning to cause to cease for a time, to interrupt, delay, withhold for a time on certain conditions, and "modify" meaning to limit or reduce in extent or degree, or to change form or qualities of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Modify; Suspend—Suspension.]

Thomas B. Felder and others were convicted of a crime. On application by the named defendant for remission of fine. Motion denied.

William Hayward, U. S. Atty., of New York City, Hiram C. Todd, Sp. Asst. Atty. Gen., Clifford H. Byrnes, Sp. Asst. Atty. Gen., for the United States.

Frank P. Walsh and Robert S. Johnstone, both of New York City, Thomas W. Hardwick, of Dublin, Ga., and Emanuel Harris, of New York City, for defendant Thomas B. Felder.

Abraham I. Menin, of New York City, for defendant Means.

LINDLEY, District Judge. The defendant Thomas B. Felder, convicted herein prior to the enactment of the law known as the Probation Act of March 4, 1925 (Comp. St. Supp. 1925, §§ 10564⅘–10564⅘c), whose conviction has since said date been affirmed by the Circuit Court of Appeals for this circuit, has filed herein his petition, wherein he prays "that, pursuant to the authority granted by chapter 521 of the Act of Congress approved March 4, 1925, the court may remit the fine of $10,000." The question immediately arises as to whether or not this court has any power to grant the relief prayed.

The Probation Act provides that the court shall have "power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, *to suspend the imposition or execution of sentence* and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best. * * * The court may revoke or modify any condition of probation, or may change the period of probation." Section 1 (Comp. St. Supp. 1925, § 10564⅘).

In interpreting this statute, the Circuit Court of Appeals in the Ninth Circuit, in the case of Nix v. James, 7 F.(2d) 590, held that the Probation Act was applicable to defendants sentenced before the passage of the act, and inferentially, at least, that the court under the said act might have the power to alter or modify the original sentence. The Circuit Court of Appeals for the Seventh Circuit, in the case of Kriebel v. United States of America, 10 F.(2d) 762, held that in such a situation the trial court might suspend the execution of the sentence, but indicated that the court might not modify the sentence.

[1,2] The law prior to the passage of the act under consideration was stated by the Supreme Court as follows: "In the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." U. S. v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 19, 59 L. Ed. 129. The immediate question is: "Has the act of Congress above quoted so altered the prior existing law that the trial court may, after the expiration of its term, modify the sentence by the remission of the entire punishment; that is, in this instance, a fine of $10,000.00?"

The measure of the power granted by the act of Congress must be found within its own

terms. The act expressly grants power "to suspend the imposition or execution of sentence." It does not grant any further or greater power than that which is included within the words quoted. Lexicographers define the word "suspend" to mean "to cause to cease for a time; to interrupt; to delay; to withhold for a time on certain conditions; to cause to cease for a time from operation or effect; to cease temporarily from operation or activity." The word "modify" is similarly defined as follows: "To limit or reduce in extent or degree; to change the form or qualities of."

The defendant seeks to have the court vacate the order fining him. He does not ask the court to suspend for a time the collection of the fine, but he prays that the judgment fining him shall be reduced in extent, that its form and quality be changed, and that the entire fine shall be remitted. It may be that this act should be construed as a remedial statute—that is, liberally; but we should remember, also, that it is a statute changing the pre-existing law, and therefore is governed by certain well recognized limitations of interpretation. With these principles in mind, it is not perceived how it can be said logically that, when Congress provided that the court should have the power to suspend the execution of a sentence, it thereby intended to include the power to eliminate the sentence. It has always been understood that such power lies with the executive by virtue of the pardoning power. This court does not believe that Congress intended, in enacting the Probation Act, to grant to trial judges power to extend clemency, or pardon, by way of elimination of sentences after the term has expired at which the final judgment was entered, there having been no motion to modify the sentence entered at the judgment term.

We are not now concerned with the power of the court to suspend the execution of the sentence. We are concerned only with the power of the court to vacate the judgment by the remission of the fine. From what has been said, it is evident that the court is without power in the premises, and that the petition must be and is hereby denied.

The defendant may have any proper order for the protection of his right to have a review of this order.