## FINE v. UNITED STATES.
### No. 5060.

Circuit Court of Appeals, Seventh Circuit
Nov. 1, 1933.

Rehearing Denied Dec. 14, 1933.

592

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

. Edward T. Lee, Guy Guernsey, and Laurence M. Fine, all of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and Joseph A. Struett, Asst. U. S. Atty., both of Chicago, Ill.

SPARKS, Circuit Judge (after stating the facts as above).

Appellant bases his appeal largely on the ground of the alleged right of the trial court to correct its mistake at any time that mistake is discovered, whether it be before or after the expiration of the term at which the judgment is entered. It is obvious that the exercise of such a right depends upon the occurrence of a mistake. However, under the facts presented in this case, we are convinced that no such mistake did occur. The trial court considered what purported to be newly discovered evidence after its judgment had been rendered, and decided that such evidence did not warrant a reversal of that judgment. On appeal based on the question of the sufficiency of the evidence, this court decided that there was ample evidence to support the judgment. Upon a reconsideration of the circumstances, the trial court apparently decided that they justified suspending the sentence and placing the defendant on probation. Thereafter disbarment proceedings were commenced before the Supreme Court of Illinois on the ground of

the conviction in the federal court. It was then that appellant again appeared before the trial court and prayed the vacating of the original sentence which was allowed perhaps on the theory that disbarment was excessive punishment for the acts committed by him.

Appellant argues that because of the fact that he is an attorney at law, the conviction carries with it a punishment never contemplated by the statute involved, namely, disbarment from the privilege of practicing his profession. However, such action is not considered in the nature of a punishment. The Supreme Court of the state of Illinois has laid down certain rules of conduct for persons to whom it extends the privilege of practicing law in that state, and has ruled that certain facts, among them, conviction of a crime, shall constitute grounds for disbarment. In so holding it has not been its intention to increase the punishment for whatever crime may have been involved, but only to maintain its own standards of fitness for the profession. The fact of conviction has simply been fixed as a criterion of unfitness. That such a result will follow conviction we think should not be considered by the trial court in determining the guilt or innocence of the accused, but its judgment should be arrived at solely on the basis of the facts brought forward during the proceedings.

Apart from the fact that we are convinced that no mistake occurred in the original proceedings, we are also convinced that even if a mistake had occurred, it would not have been of such a character as to confer jurisdiction upon the trial court to vacate its original judgment after the expiration of the term at which that judgment was entered. Appellant argues the analogy of the writ of *coram nobis* which enabled the court to correct its errors subsequently discovered. However, that writ only permitted the correction of errors in fact which did not appear on the record, and which affected the validity or the regularity of the proceedings. It was not granted to relieve a defendant from consequences which arose subsequent to the judgment. Nor did it lie to determine a question of fact which had already been adjudicated, even though it might have been decided wrongly. People v. Drysch, 311 Ill. 342, 143 N. E. 100. We have found no case, and our attention has been called to none, where the jurisdiction of the trial court was held to continue, for the purpose of vacating its judgment, not only after the expiration of the term at which that judgment was entered, but also after it was affirmed upon

appeal. On the contrary, we find several cases where it is very definitely held that the court's jurisdiction does not continue. In United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129, it was held that the trial court was without authority to vacate its own judgment and grant a new trial on the ground of newly discovered evidence as to the misconduct of a United States Attorney and concealment of bias of one of the jurors. It was said there that the entering of judgment and the imposition of sentence completed the proceedings as far as the trial court was concerned. See also United States v. Pile, 130 U. S. 280, 9 S. Ct. 523, 32 L. Ed. 904.

Appellant alleges that the Supreme Court has laid down certain principles which authorize federal courts to disregard the language of statutes where their enforcement would result in injustice. He cites the case of Sorrells v. United States, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, and quotes in his brief several passages from the opinion which he says are authority for this statement. However, in that case, a violation of the National Prohibition Act (27 USCA) was charged, and the question was whether or not the acts which were proved constituted a crime in view of the fact that they were induced by Government officers. It was held by the majority of the Court that under the circumstances disclosed, no crime had been committed, and that the defense of entrapment could be argued under a plea of not guilty. The language which he quotes in no way justifies the statement that federal courts are ordered to disregard the language of statutes. It merely means that the courts are to construe that language in the light of the facts of the particular case under consideration by them with a view to determining whether those facts indicate guilt or innocence on the part of the accused.

It is true that the power of the trial court has been extended somewhat by the statute relating to Probation under the terms of which it is permitted to suspend the imposition or the execution of the sentence. 18 USCA § 724. However, this in no way affects the original judgment of conviction [United States v. Felder (D. C.) 13 F.(2d) 527], but merely confers upon the trial court a certain limited jurisdiction over the defendant after his conviction.

Since the court was without jurisdiction to enter the order of February 10, 1933, it could vacate that order at any time, and its action in so doing on June 10, 1933, was correct and is therefore affirmed.