## BENSEN v. UNITED STATES.

### No. 8691.

Circuit Court of Appeals, Ninth Circuit.
Dec. 31, 1937.

Raine Ewell, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an attempted appeal from a motion to set aside judgment of conviction and permit appellant to withdraw her plea of guilty and substitute a plea of not guilty. There was no appeal from the judgment. Appellee moved to dismiss.

Defendant Gladys Bensen was jointly indicted with her husband on two counts of an indictment charging violation of the Harrison Anti-Narcotic Act, 26 U.S.C.A. §§ 1040–1054, 1383–1391, by falsely simulating a prescription for opium derivatives, made an offense by 26 U.S.C.A. § 1693, and on two counts charging the utterance and passing of a falsely simulated prescription with intent to defraud the United States. 18 U.S.C.A. § 73.

The defendants appeared for arraignment on May 12, 1937. They were not represented by counsel. Each entered a plea of guilty to the indictment.

On the same day, the record recites, the court, after hearing the defendants, government counsel, and the United States Narcotic Inspector, and finding no sufficient cause why judgment should not be pro-nounced, proceeded to sentence and judgment. The appellant was sentenced to two years on each count, the sentences to run concurrently.

Two days later, and in the same term, the appellant filed an application for an order "vacating and setting aside the judgment of conviction and sentence made and entered as to this defendant on May 12, 1937, after a plea of guilty to said indictment on May 12, 1937, made by this defendant in open court, and for an order of this court setting aside the plea of Guilty made by this defendant in open court at this time, and for a further order of this court permitting a demurrer to be filed and heard and determined by this court, and to sustain said demurrer to said indictment and to discharge this defendant upon the said charge."

The basis of the application was that the indictment did not state an offense, that the defendant was without counsel at the time of arraignment, plea, and sentence, did not know of the invalidity of the indictment, and was advised by her husband to plead guilty when in fact she was not guilty, because it might lighten his sentence.

An affidavit to the same effect was filed with the motion.

On June 4, 1937, the court made an order denying the motion.

No appeal was taken from the judgment, but, on June 9, an appeal was taken from the order denying defendant's application for an order vacating the judgment.

The first question presented is one involving the jurisdiction of this court, namely, whether the order refusing to vacate the judgment is appealable.

The Supreme Court rules governing procedure and appeals in criminal cases make no mention of motions to vacate judgment or of appealable orders. 28 U.S.C.A.Supp. following section 723a. Hence the appealability must be determined by general law.

The Circuit Court of Appeals has jurisdiction to review "final decisions" of the District Courts. 28 U.S.C.A. § 225. A final decision is an order substantially terminating the litigation. The test of finality, hence reviewability, is the same from criminal and civil cases.

"To create finality it was necessary that petitioner's conviction should be followed by sentence * * * but when so fol-

lowed the finality of the judgment was not lost because execution was suspended. In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation between the parties on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' St. Louis, Iron Mountain & S. R. R. Co. v. Southern Express Co., 108 U.S. 24, 28, 2 S.Ct. 6, 27 L.Ed. 638; United States v. Pile, 130 U.S. 280, 283, 9 S.Ct. 523, 32 L.Ed. 904; Heike v. United States, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821." Berman v. United States, 58 S.Ct. 164, 166, 82 L.Ed. ——, Dec. 6, 1937.

It is conclusively settled that a ruling upon a motion to vacate a judgment, made in the same term and the same cause in which the challenged judgment is entered, is not an appealable order. Connor v. Peugh's Lessee, 18 How. 394, 395, 15 L. Ed. 432; Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; Hume v. Bowie, 148 U.S. 245, 255, 13 S.Ct. 582, 37 L.Ed. 438; Stevirmac Oil Co. v. Dittman, 245 U.S. 210, 214, 38 S.Ct. 116, 62 L.Ed. 248; Smith v. United States, 7 Cir., 52 F.2d 848, and cases cited; Board of Supervisors v. Knickerbocker Ice Co., 2 Cir., 80 F.2d 248, 250; Republic Supply Co. v. Richfield Oil Co., 9 Cir., 74 F.2d 909, 910, and cases cited.

Whatever hardship or injustice, if any, there may be in the denial of the motion, we have no power to consider in the attempted appeal from the motion to vacate the judgment.

The dismissal of the appeal necessarily disposes of the motion of appellant to relax our rules 17, 23, and 24.

Appeal dismissed.