## UNITED STATES v. SWIDLER.
### No. 10979.

United States Court of Appeals
Third Circuit.
Argued Feb. 2, 1953.

Reargued Sept. 14, 1953.

Decided Sept. 25, 1953.

Writ of Certiorari Denied
Dec. 14, 1953.

See 74 S.Ct. 274.

————◆————

Joseph F. McVeigh, Philadelphia, Pa.
(Francis J. Myers and Cornelius C.
O'Brien, Philadelphia, Pa., on the brief),
for appellant.

W. Wilson White, U. S. Atty., Philadelphia, Pa., James F. Brown, Jr., Asst. U.
S. Atty., Philadelphia, Pa., on the brief),
for appellee.

Before BIGGS, Chief Judge, and
MARIS, GOODRICH, McLAUGHLIN,
KALODNER, STALEY and HASTIE,
Circuit Judges.

BIGGS, Chief Judge.

The appellant, Swidler, was convicted
by a jury of income tax evasion in violation of Section 145(b) of the Internal
Revenue Code, 26 U.S.C. At the close of
the prosecution's case, on May 29, 1952,
Swidler moved for a judgment of acquittal pursuant to Rule 29(a), F.R.Crim.
Proc. 18 U.S.C. The court denied the
motion. Swidler offered no evidence. On
June 3, the court charged the jury which
returned a verdict of guilty. The jury
was discharged on this day. On June 5,
Swidler made a motion pursuant to Rule
29(b), F.R.Crim.Proc. "to set aside the
verdict of guilty * * * and to enter
judgment of acquittal or, in the alternative, to grant * * * a new trial", for
the reasons stated.

The first ground of the motion was
that the evidence was insufficient to sustain the verdict; the second was that
the court erred in denying Swidler's motion for judgment of acquittal made at
the conclusion of the evidence, viz., after
completion of the prosecution's case. The
third ground alleged is immaterial. The
fourth ground was that the court erred
in admitting in evidence, over Swidler's
objection, certain checks.

On December 4, 1952, the court below,
reciting that "the interests of justice"
required that a new trial be granted, denied Swidler's motion for judgment of
acquittal and ordered a new trial. Notice of appeal from that part of the order denying judgment of acquittal was
filed on December 11, 1952. No further
step having been taken by Swidler to
perfect his appeal, the United States
moved to docket and dismiss the appeal
on the ground that the order appealed
from, viz., that of December 4, 1952,
was not a final decision within the purview of Section 1291, Title 28, U.S.C.

For the purpose of deciding the instant
motion we assume *arguendo* that the
evidence offered by the United States was
insufficient to sustain the verdict of
guilty. Arguendo we will treat the case
as if Swidler was entitled to a judgment
of acquittal when his first motion was
made on May 29, and again when it was
reiterated as the first part of the motion
of June 5.

The terms of Rule 29(a) are mandatory: "The court on motion of a defend-

ant or of its own motion *shall* order the entry of judgment of acquittal \* \* \* if the evidence is insufficient to sustain a conviction \* \* \*." (Emphasis added). Rule 29(b) provides in pertinent part that if a motion for judgment of acquittal be denied, the motion may be renewed within five days after the jury is discharged "and may include in the alternative a motion for a new trial." The rule goes on to say if a verdict of guilty is returned the court "may on such motion set aside the verdict and order a new trial or enter judgment of acquittal."

The leading criminal case interpreting the meaning of the phrase "final decisions" in Berman v. United States, 1937, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204, a unanimous opinion by Mr. Chief Justice Hughes. The Supreme Court held that a sentence in a criminal case is the final judgment, a judgment which is appealable even though execution of sentence has been suspended. Mr. Chief Justice Hughes said: "To create finality it was necessary that petitioner's conviction should be followed by sentence. \* \* \* In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation \* \* \* on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' St. Louis, I. M. & S. R. Co. v. Southern Express Co., 108 U.S. 24, 28, 2 S.Ct. 6, 8, 27 L.Ed. 638; United States v. Pile, 130 U.S. 280, 283, 9 S.Ct. 523, 32 L.Ed. 904; Heike v. United States, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821." The Berman case has been followed in this circuit. See United States v. Knight, 3 Cir., 1947, 162 F.2d 809.

Since no judgment of sentence has been entered by the court below, a new trial having been ordered, we conclude that the order denying judgment of acquittal is not a final reviewable decision within the purview of Section 1291.

Accordingly, the appeal at bar will be dismissed.