139 F.3d 904
 81 A.F.T.R.2d 98-970, 98-1 USTC P 50,451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gold Coast Hotel and Casino, a Nevada Limited Partnership,
Gaughan Herbst, Ltd., a Nevada General
Partnership, Michael J. Gaughan and
Jerry Herbst, Plaintiffs-Appellees,
v.
United States of America and Commissioner of Internal
Revenue Service, Defendants-Appellants.
 No. 96-17236.
D.C. No. CV-S-94-01146-HDM.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1997***.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding.
 Before FLETCHER and T.G. NELSON, Circuit Judges, and WHALEY,** District Judge.
 ORDER*
 The district court held that a casino using the accrual method of accounting may deduct the value of slot club points won by a slot club member at the time the member has accumulated the minimum number of points necessary to redeem a prize. The United States of America and Commissioner of Internal Revenue seek review of that decision, but argue first that the judgment below was not a final judgment and thus there is no appellate jurisdiction. The government asserts the judgment was not a final judgment first, because it did not address Gold Coast's request for a partial refund and second, because it did not determine which of the total slot club points were attributable to customers with more than the minimum number of points necessary to redeem a prize. While the government's first argument is without merit, the second is valid. Accordingly, this action is remanded to the district court for entry of a final judgment.
 FACTUAL AND PROCEDURAL BACKGROUND
 Gold Coast Hotel & Casino (Gold Coast) is a Nevada limited partnership formed in 1985 for the purpose of operating a licensed gambling casino in Las Vegas, Nevada. The general partner of Gold Coast is Gaughan-Herbst, Ltd., a general partnership owned 50% by Michael J. Gaughan and 50% by Jerry Herbst. Gaughan-Herbst, Ltd.'s ownership interest in Gold Coast is approximately 43%. (Gold Coast; Gaughan-Herbst, Ltd; Michael Gaughan and Jerry Herbst are hereinafter referred to as Plaintiffs.)
 Gold Coast has operated a "Slot Club" since March 1987. A slot club is a promotional tool used to attract slot machine players. After filling out paperwork, Gold Coast's Slot Club members receive a club card, similar to an ATM card. Slot Club members insert their club card into a slot machine and a computer tracks their accumulation of slot club points.
 Slot club points can be redeemed for prizes ranging from coffee mugs to Hawaiian vacations. The minimum number of points needed to redeem a prize is 1,200. The market value stipulated to by the parties of each club point is $0.0021. Gold Coast uses a computerized data bank to track each club member's slot club points. The computer credits a member's account for points won and debits the account when points are redeemed for prizes.
 At the end of 1989 Gold Coast's Slot Club members had accumulated unredeemed slot club points valued at $1,997,443. This was an increase of $720,979 over the prior year's ending balance. Gold Coast, an accrual based taxpayer, deducted this amount, $720,979, as an expense on its 1989 partnership tax return. At the end of 1990 the value of outstanding slot club points was $2,688,135, an increase of $690,693 over the prior year's ending balance. This amount, $690,693, was deducted by Gold Coast as an expense on its 1990 partnership tax return.
 On September 26, 1994, the Commissioner of Internal Revenue sent the Tax Matter Partner of Gold Coast a Notice of Final Partnership Administrative Adjustment for the tax year ending December 31, 1989 and a Notice of Final Partnership Administrative Adjustment for the tax year ending December 31, 1990. In the notices, the Commissioner proposed that adjustments to income be made, inter alia, in the category of accrued slot club points.
 On December 23, 1994, Plaintiffs filed a complaint pursuant to 26 U.S.C. § 6226 in the United States District Court for the District of Nevada challenging the Commissioner's proposed adjustments to income for both tax years. As required to invoke district court jurisdiction, the Plaintiffs first deposited with the Internal Revenue Service the amounts by which their tax liability would be increased if the Commissioner's proposed adjustments to income were made for the 1989 and 1990 tax years.
 In their Complaint, Plaintiffs challenged, inter alia, the Commissioner's adjustments with respect to accrued slot club points and sought a determination that Gold Coast did not need to adjust its 1989 or 1990 income based on its tax treatment of accrued slot club points. In addition, Gold Coast sought a refund of a portion[1] of the taxes deposited with the Commissioner and costs.
 Relying on undisputed stipulated facts, the parties filed cross motions for summary judgment on two issues, accrued slot club points and employee meal expenses. In an Order entered on September 26, 1996, the district court held in favor of Gold Coast on the employee meal expenses issue and the government does not appeal that issue. In that same Order the district court held that Gold Coast properly deducted the value of slot club points accumulated each year by members with more than 1,200 points in their accounts. However, the district court disallowed Gold Coast's deduction of the value of slot club points attributable to members who had not earned 1,200 points.[2] A judgment to that effect was also entered on September 26, 1996.
 Neither the Order nor the Judgment, however, included a finding how much of the $1,935,469 worth of unredeemed slot club points in 1989 or the $738,420 worth of unredeemed slot club points in 1990 were attributable to slot club members with more than 1,200 slot club points in their accounts. Additionally, that determination was not included in the parties' stipulation of facts. Further, in response to this panel's November 26, 1997 Order to show cause why this case should not be remanded for further proceedings, Plaintiffs admitted that this information is not within the record and that more discovery will be necessary to make the determination.
 ANALYSIS
 The failure of the district court to order a tax refund, or otherwise dispose of Gold Coast's request for a refund, does not render the district court's judgment interlocutory because a district court does not have jurisdiction to order a refund in an action brought pursuant to 26 U.S.C. § 6226. Pursuant to § 6226, a tax partner may seek judicial review in district court of the Internal Revenue Service's issuance of a Notice of Final Partnership Administrative Adjustment. 26 U.S.C. § 6226. Judicial review, however, is limited to "determin[ing] all partnership items ... to which the notice of final partnership administrative adjustment relates and [determining] the proper allocation of such items among the partners." 26 U.S.C. § 6226(f).
 After a district court has ruled on a petition for adjustment of the partnership items, a taxpayer can obtain a refund for any overpayment of taxes by filing an administrative claim for a refund. See 26 U.S.C. § 6230(c) In all instances, an administrative claim for a refund must be made prior to instituting a civil action for a refund. 26 U.S.C. § 7422(a).[3]
 Here, Gold Coast's petition in the district court was brought pursuant to § 6226. Since it was favorable, in part, to Gold Coast, Gold Coast may now file an administrative claim for a refund pursuant to § 6230(c). If that claim is not allowed then, and only then, can Gold Coast initiate a civil action for a refund pursuant to § 7422. Accordingly, because Gold Coast has not yet filed an administrative claim for a tax refund, the district court below is without jurisdiction to order such a refund. Thus, the district court's failure to do so does not result in the district court's judgment being interlocutory.
 The Government also argues that the judgment below is not final because it failed to set out the specific amount of the adjustments for the tax years in question. The judgment by the district court established that the value of slot club points attributable to customers with more than 1,200 points in their slot club accounts is deductible in the tax year accrued. However, the district court did not determine, nor did the parties stipulate to, how many of the $1,935,469 slot club points accumulated prior to 1989 or the $738,420 slot club points accumulated in 1990 were attributable to customers with more than 1,200 slot club points. Additionally, the parties concede that information is not contained within the record.
 A judgment is final for the purposes of appeal when it terminates the litigation on the merits and leaves nothing to be done but enforce what has been determined. Bensen v. United States, 93 F.2d 749, 751 (9th Cir.1937). The determination of which accumulated slot club points are attributable to members with more than 1,200 points is necessary to determine the value of the allowable partnership deduction. The record does not support a conclusion that this determination is either mechanical or administrative. Thus, there is the potential for a factual dispute and another appeal. Accordingly, as it appears that there may be more here than ministerial tasks left for the district court to resolve, see Pacificare Inc., v. Martin, 1 F.3d 963 (9th Cir.1993), the judgment entered below is not final for purposes of appeal.
 Accordingly, this case is remanded to the district court for 60 days in order that a final judgment, which includes a determination of the dollar value of slot club points attributable to customers with more than 1,200 slot club points for each of the tax years 1989 and 1990, may be entered in this case. Once that final judgment has been entered, it shall be filed and docketed under the same case number as the instant appeal.
 This panel retains jurisdiction. REMANDED.
 
 
 
 **
 * The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Plaintiffs sought a refund of only a portion of the taxes paid to the Commissioner presumably because Plaintiffs, having conceded a different tax issue prior to commencing suit, were aware that they owed some additional taxes
 
 
 [2]
 Plaintiffs did not appeal this aspect of the district court's decision
 
 
 [3]
 With respect to partnership items, in addition to having first filed an administrative claim, a civil action for a refund is still not authorized unless it is specifically provided for by either 26 U .S.C. § 6228(b) or 26 U.S.C. § 6230(c). 26 U.S.C. § 7422(h)