[Cite as *State v. Manns*, 2012-Ohio-234.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

       Plaintiff-Appellee

-vs-


FRED L. MANNS, JR.

         Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 11-CA-28


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from Richland County Court of Common Pleas Case No. 2008-CR-145D |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 20, 2012 |
| APPEARANCES: | |
| For Plaintiff-Appellee | For Defendant-Appellant |
| JILL M. COCHRAN<br>Assistant Richland County Prosecutor<br>38 South Park Avenue<br>Mansfield, Ohio 44902 | FRED L. MANNS, JR. PRO SE<br>Inmate No. 553-795<br>Richland Correctional Institution<br>1001 Olivesburg Road<br>Mansfield, Ohio 44901 |

*Gwin, P. J.*

{¶1} Defendant-appellant Fred L. Manns, Jr. appeals from the February 18, 2011 order of the Richland County Court of Common Pleas overruling his Motion for Retrial. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 9, 2008, the Richland County Grand Jury indicted appellant on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree, and two counts of having weapons while under disability in violation of R.C. 2923.13(A)(3), felonies of the third degree. At his arraignment on June 3, 2008, appellant pleaded not guilty to the charges.

{¶3} On September 19, 2008 the jury found appellant guilty of the two charges of having a weapon while under a disability. The jury was unable to reach a verdict as to the remaining count. Pursuant to a Sentencing Entry filed on September 23, 2008, appellant was sentenced to an aggregate sentence of ten (10) years in prison. The trial court also ordered the two guns to be forfeited to the State of Ohio.

{¶4} On September 25, 2008, appellee filed a Motion to Dismiss Count I of the indictment, the receiving stolen property count, on the basis that the jury was hung on that count. The state, in its motion, stated that it did not feel the need to proceed on that count because appellant had been convicted and sentenced on the two other counts. As memorialized in a Judgment Entry filed on September 29, 2008, Count I was dismissed without prejudice.

**{¶5}** Appellant filed an appeal as of right from his conviction and sentence. This court affirmed the judgment of the trial court. See, *State v. Manns*, Richland App. No. 08 CA 101, 2009-Ohio-3262, 2009 WL 1900432.

**{¶6}** On January 3, 2011, appellant filed a "Motion for De Novo Retrial" seeking to be retried on Count I, the receiving stolen property offense. On January 26, 2011, appellant filed an Amended Motion to Dismiss Count One with Prejudice or Set for Retrial.

**{¶7}** The trial court, via a Judgment Entry filed on February 18, 2011, overruled appellant's January 3, 2011, motion. In its entry, the trial court stated, in relevant part, "The defendant now contends he is entitled to a new trial on the receiving stolen property charge. There is no such charge pending. The defendant cites no authority for his contention that the State can be compelled to re-indict and try a dismissed felony charge."

**{¶8}** Appellant now raises the following assignments of error on appeal:

**{¶9}** "I. THE TRIAL COURT ERRED WHEN IT FAILED TO ORDER A NEW TRIAL OR IN THE ALTERNATIVE DISMISS THE PENDING CHARGE WITH PREJUDICE AFTER A HUNG JURY, [sic.] AS A RESULT OF THIS ERROR MR. MANNS JUDGMENT IS NON FINAL.

**{¶10}** "II. THE FIFTH DISTRICT COURT OF APPEALS LACKED JURISDICTION WHEN IT AFFIRMED MR. MANNS CONVICTION IN RICHLAND COUNTY CASE NO. 08-CR-145D, AFTER THE JURY WAS HUNG ON COUNT ONE; RECEIVING STOLEN PROPERTY THEREBY, RENDERING THE JUDGMENT OF CONVICTION NON FINAL AND UNAPPEALABLE."

**{¶11}** Appellant, in his two assignments of error, argues that there was no final, appealable order in this case because the trial court did not dismiss the charge of receiving stolen property with prejudice. Appellant further contends that, therefore, this Court did not have jurisdiction to review appellant's appeal in Case No. 08 CA 101.

**{¶12}** Crim.R. 48 states, in relevant part,

**{¶13}** "(A) Dismissal by the state

**{¶14}** "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.

**{¶15}** "* * *"

**{¶16}** R.C. 2941.33 provides that the prosecuting attorney may enter a nolle prosequi with leave of court on good cause shown and in open court. These provisions are essentially identical, except that R.C. 2941.33 provides that a nolle prosequi entered contrary to these provisions is void.

**{¶17}** The rule does not state the grounds for which a court may dismiss an indictment, nor does it provide that such dismissal shall be a bar to any further proceedings. In short, Crim.R. 48(B) does not specifically provide for dismissals with prejudice. "The purpose of Crim.R. 48 is to maintain a defendant's right to a speedy trial, but the rule does not alter the pre-rule Ohio practice concerning the court's inherent power to dismiss. In our judgment, that power includes the right to dismiss with prejudice only where it is apparent that the defendant has been denied either a

constitutional or a statutory right, the violation of which would, in itself, bar prosecution." *State v. Sutton*, 64 Ohio App.2d 105, 108, 411 N.E.2d 818 (9th Dist.).

**{¶18}** In the case at bar, the state filed a motion to dismiss Count I of the Indictment on September 25, 2006. This motion was served upon appellant's counsel. The trial court dismissed Count I of the Indictment by Judgment Entry filed September 29, 2008. Appellant neither filed an objection in the trial court to the dismissal nor appealed the trial court's dismissal entry. Nor did appellant raise an objection or demand to be re-tried on the receiving stolen property count of the indictment during his sentencing hearing that took place before the trial court on September 22, 2008. Pursuant to the Sentencing Entry, filed September 23, 2008, appellant was sentenced upon the two counts that the jury had returned verdicts of guilty. The trial court sentenced appellant to an aggregate prison term of ten years. Appellant appealed and we affirmed his conviction and sentence.

**{¶19}** "Final judgment in a criminal case means sentence. The sentence is the judgment. *Miller v. Aderhold*, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702; *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283. In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation between the parties on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' *St. Louis, Iron Mountain & S.R.R. Co. v. Southern Express Co.*, 108 U.S. 24, 28, 2 S.Ct. 6, 8, 27 L.Ed. 638; *United States v. Pile*, 130 U.S. 280, 283, 9 S.Ct. 523, 32 L.Ed. 904; *Heike v. United States*, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821…" *Berman v. United States*, 302 U.S. 211,

212-213, 58 S.Ct. 164, 82 L.Ed.2d 204 (1937). In *State v. Lester,* 2011-Ohio-5204, 2011 WL 4862414 (Ohio) the Ohio Supreme Court held,

**{¶20}** "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R.32(C), explained; *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" Id. at paragraph 1 of the syllabus.

**{¶21}** Because appellant's September 23, 2008 Sentencing Entry compiled with Crim. R.32(C), appellant stands convicted of a felony unless the judgment against him is vacated or reversed. *Berman v. United States* at 213.

**{¶22}** A retrial following a hung jury does not violate the Double Jeopardy Clause. *Richardson v. United State* (1984), 468 U.S. 317, 324, 104 S.Ct. 3081, 82 L.Ed.2d 248(1984); *Accord, State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112, 1997-Ohio-371 at paragraph two of the syllabus. However, in the case at bar, the state did not seek to retry appellant upon the count of the indictment upon which the jury was hung; rather as previously noted, the state dismissed Count I of the indictment.

**{¶23}** To allow the state to simply re-instate the former case or the former indictment "would allow a prosecutor to keep a defendant perpetually indicted, without any idea concerning, or control over, when the matter would be resolved." *State v. Dinkelacker*, 156 Ohio App.3d 595, 2004-Ohio-1695, 807 N.E.2d 967, ¶15 (1st Dist.).

**{¶24}** In *Dinkelacker* the First District Court of Appeals further noted,

**{¶25}** "The United States Supreme Court addressed such a concern in *Klopfer v. North Carolina* [368 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 211(1967)]. In *Klopfer,* the state

prosecutor, under a 'nolle prosequi with leave,' attempted to suspend proceedings on a criminal indictment indefinitely. The 'nolle prosequi with leave' permitted the prosecutor to activate the charges at any time and to have the case restored for trial 'without further order' of the court. [Id. at 214]. (The obsolete term "nolle" is now a dismissal.) The charges against the defendant were thus never dismissed or discharged in any real sense. [Id. at 216].

{¶26} "The Supreme Court reversed and held that the state could not reinstate the indictment against the defendant. 'By indefinitely prolonging this oppression, as well as the 'anxiety and concern accompanying public accusation,' the criminal procedure condoned in this case by the Supreme Court of North Carolina clearly denies the petitioner the right to a speedy trial which we hold is guaranteed to him by the Sixth Amendment of the Constitution of the United States.'" [Id. at 222]. *State v. Dinkelacker* at ¶16-17.

{¶27} Courts in Ohio have previously determined that an abandonment of a proceeding, such as a nolle prosequi, constitutes a basis for which to bring a malicious prosecution claim. *Douglas v. Allen* (1897), 56 Ohio St. 156, 46 N.E. 707. Relevant to the case at bar, the Ohio Supreme Court in *Douglas* noted,

{¶28} "The prosecution being so ended, there can thereafter be no conviction of the accused in that proceeding, and therefore no opportunity to establish in that proceeding the existence of probable cause for the prosecution. True, a nolle may be entered at a time when it will not preclude another prosecution for the same offense, but the institution of another prosecution requires a new complaint or indictment, and becomes a new proceeding. The former one, after the discharge of the defendant

therefrom, cannot be reinstated or revived and proceeded with; or if it could be, unless that is done within the proper time, the prosecution would nevertheless be ended." Id. at 159-160.

{¶29} Thus, the Ohio Supreme Court stated, in dicta, that a prosecution ended by a nolle prosequi has the same effect as one ended by an acquittal—that "there can thereafter be no conviction of the accused *in that proceeding*." Id. at 159. (Emphasis added).

{¶30} When a criminal case is dismissed, it is over—except in the case where the dismissal is appealed. This dismissal was not appealed in appellant's case.

{¶31} The Constitution of Ohio requires, except in rare cases, that felonies be prosecuted by indictment. Constitution, Article I, Section 10. "There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence thereof the court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity." *Stewart v. State* (1932), 41 Ohio App. 351, 181 N.E. 111. (Citing *Doyle v. State*, 17 Ohio 222, 1848 WL 101(Ohio 1848).

{¶32} In the case at bar, any retrial of appellant upon the dismissed charged would necessitate a new indictment and therefore constitute a new proceeding. Once the trial court disposed of Count I by judgment entry filed September 29, 2008 appellant's Judgment Entry of Conviction and Sentence filed September 23, 2008 became a final appealable order.

{¶33} Based upon the foregoing, we find that the Judgment Entry of Conviction and Sentence filed September 23, 2008 was a final appealable order. Thus, this Court

properly exercised jurisdiction in hearing and deciding appellant's appeal as of right. See, *State v. Manns*, 5th Dist. No. 08 CA 101, 2009-Ohio-3262, 2009 WL 1900432.

{¶34} Accordingly, appellant's First and Second Assignments of Error are overruled.

{¶35} The judgment of the Richland County Court of Common Pleas is affirmed.


By: Gwin, P.J. and

Delaney, J. concur;

Edwards, J., dissents


_____
HON. W. SCOTT GWIN


_____
HON. JULIE A. EDWARDS


_____
HON. PATRICIA A. DELANEY

EDWARDS, J., DISSENTING OPINION

**{¶36}** I respectfully disagree with the majority's analysis and disposition of appellant's two assignments of error. For the following reasons, I would find there is no final, appealable order in this case and that this Court did not have jurisdiction to hear the original appeal.

**{¶37}** *Baker,* supra., and its progeny deal with what needs to be set forth in entries dealing with convictions in order to make those entries final, appealable orders. Pursuant to *State ex. Rel. Davis v. Cuyahoga County Court of Common Please,* 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, dismissed charges do not need to be mentioned in an entry of conviction to make an entry of conviction a final, appealable order. While dismissed charges do not need to be mentioned in the entry of conviction, they must be finally disposed of in an entry of the court. I would find that the entry initially appealed from in this case was not a final, appealable order because the dismissed charge was not finally disposed of. It was not finally disposed of in the entry of conviction or in the separate entry dismissing it without prejudice. Recently, in *State v. Sherman*, 5th Dist. No. 2011-CA-0012, 2011-Ohio-5794, this Court stated, in relevant part, as follows: "This Court has consistently held that in a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order. *State v. Rothe,* 5th Dist. No. 2008 CA 00044, 2009–Ohio 1852; *State v. Robinson,* 5th Dist. No. 2008–Ohio–5885; *State v. Huntsman* (March 13, 2000), 5th Dist. No. 1999–CA–00282.

**{¶38}** "In *Robinson,* supra at ¶ 11, this Court stated:

**{¶39}** "'In the case of a hung jury, jeopardy does not terminate when a hung jury is discharged, rather the case against the defendant remains pending until the remaining charge is either retried and/or dismissed with prejudice. *State v. Cole,* Cuyahoga App. No. 88722, 2007–Ohio–3076. Furthermore, although a dismissal of the hung jury charge may be contemplated on the record, unless the dismissal is documented by a signed journal entry which is filed with the court, the order of the trial court remains interlocutory and is not a final, appealable order", citing *Huntsman, supra.*'" Id at paragraphs 10-12. (Emphasis added).

**{¶40}** In the case sub judice, as is stated above, the jury was hung on the charge of receiving stolen property. The trial court, pursuant to a Judgment Entry filed on September 29, 2008, dismissed the same without prejudice. However, because the charge was never dismissed with prejudice, there was no final appealable order. I believe that this Court, therefore, did not have jurisdiction to hear appellant's original appeal.

**{¶41}** The next issue for determination is the affect of our original decision on an unchallenged, non-final appealable order. This Court addressed such issue in *State v. Griffin,* 5th Dist. No. 09CA21, 2010-Ohio-3517, after finding that this Court was without jurisdiction to hear the appellant's original appeal. In *Griffin*, after this Court affirmed the appellant's conviction, the appellant filed a motion for a final, appealable order pursuant to *Baker*, supra. The trial court filed a new sentencing order and the appellant appealed, arguing that she was entitled to a de novo direct appeal after resentencing. In *Griffin*, this Court held, in relevant part, as follows: "Therefore, this court was without

jurisdiction to hear the original appeal. The next issue is what is the affect of our decision on an unchallenged non-final appealable order?

**{¶42}** "For this analysis, we find a series of cases, one of which is now pending before the Supreme Court of Ohio, on the issue of resentencing.

**{¶43}** "In *State v. Fischer,* 118 Ohio App.3d 758, 2009-Ohio-1491, our brethren from the Ninth District found despite a sentence being deemed void, their jurisdiction on appeal after resentencing was limited to issues raised on the resentencing and barred the appellant from raising any and all issues related to the conviction. We note this matter is currently pending in the Supreme Court of Ohio, Case No. 2009-0897, heard March 30, 2010.[1]

**{¶44}** "Prior to the *Fischer* decision, the Supreme Court of Ohio ruled in a writ of mandamus and/or procedendo action that a judgment entry that failed to comply with Crim.R. 32(C) was not a final appealable order and mandamus and procedendo would lie relative to an order of resentencing. *State ex rel, Culgan v. Medina County Court of Common Pleas,* 119 Ohio St.3d 535, 2008-Ohio-4609.

---

[1] The correct citation for the Ninth District *Fischer* case is 181 Ohio App.3d 758. The Ohio Supreme Court, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, affirmed the judgment of the Ninth District Court of Appeals. The Ohio Supreme Court, in its December 23, 2010, decision, held in the syllabus as follows: "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. "2.The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.) "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

**{¶45}** "Seizing on the language of *Culgan,* the Ninth District revisited its decision in *Fischer* and found in a postrelease control resentencing, they may entertain all issues relative to the underlying conviction and/or trial:

**{¶46}** "'The implication of the Supreme Court's opinion in *Culgan* is that regardless of whether a defendant has already appealed his conviction, if the order from which the first appeal was taken is not final and appealable, he is entitled to a new sentencing entry which can itself be appealed. Although the connection between *Culgan* and cases involving postrelease control has not yet been explicitly stated, the logic inherent in recent Supreme Court cases regarding postrelease control leads to a similar result. See *Fischer,* 2009-Ohio-1491, at ¶ 15, 181 Ohio App.3d 758, 910 N.E.2d 1083 (Dickinson, J., concurring) (observing that two of the appellant's assignments of error, which challenged his underlying conviction and the continuing viability of this Court's earlier opinion in his direct appeal, were 'the logical extension of the Ohio Supreme Court's decisions in *State v. Simpkins,* 117 Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197, and *State v. Bezak,* 114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250.').'" *State v. Harmon* (September 2, 2009), Summit App. No. 24495, 2009-Ohio-4512, ¶ 6.

**{¶47}** "What the Ninth District did in *Harmon* was to find that a non-final appealable order was a void judgment. The Supreme Court of Ohio in *Baker* and *Culgan* never termed a non-final appealable order as a void judgment. The issue still remains open. Can a subsequent affirmance of a conviction and sentence by an appellate court rectify a non-final appealable order?

**{¶48}** "In *State ex rel. Moore v. Krichbaum,* Mahoning App. No. 09 MA 201, 2010-Ohio-1541, our brethren from the Seventh District addressed this issue at ¶ 13:

{¶49} "'In *Culgan,* the Supreme Court of Ohio considered whether a defendant was entitled to writs of mandamus and procedendo compelling the trial court to enter a judgment on his convictions that complied with Crim.R. 32(C), even though his convictions in 2002 had been previously reviewed and affirmed on a direct appeal. *Culgan* at ¶ 3. The Ohio Supreme Court concluded that the defendant was entitled to a new sentencing entry irrespective of prior appellate review, because the original sentencing entry did not constitute a final appealable order. *Id.* at ¶ 10-11, 895 N.E.2d 805. Because the Ohio Supreme Court applied *Baker* to Culgan's petitions even though Culgan's convictions and direct appeal had been finalized prior to the decision in *Baker,* this Court can no longer hold that *Baker* may only be applied prospectively. We therefore conclude that we are obligated to apply *Baker* retrospectively.'"

{¶50} "Reluctantly, we reach the same conclusion as our brethren from the Seventh District…" Id at paragraphs 25-34.

{¶51} The Ohio Supreme Court, in *State v. Griffin,* 127 Ohio St.3d 266, 2010-Ohio-5948, 938 N.E.2d 1036, vacated the judgment of this Court and remanded the matter to this Court for application *of State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9. This Court, after finding that *Ketterer* had no application, reimposed our original reversal and remand. See *State v. Griffin*, Coshocton App. No. 09-CA-21, 2011-Ohio-1638. In doing so, we noted that "there has been no guidance provided to the appellate courts on the applicability of res judicata to a non-final order pursuant to *Baker*." Id at paragraph 31.

{¶52} I acknowledge that *Griffin* was a *Baker* type non-final appealable order in that the entry of conviction was not complete. It did not deal with the situation we have

in the case sub judice wherein one of the charges was not finally disposed of. However, I would find *Griffin* analogous in that it deals with a non-final appealable order and the validity of a decision by the Court of Appeals in ruling on a non-final appealable order.

{¶53} Based on the foregoing, I would find that there is no final, appealable order in this case and that this Court did not have jurisdiction to hear the original appeal. I would, therefore, sustain both assignments of error and reverse and remand this matter.

_____

Judge Julie A. Edwards

JAE/dr

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
-vs-                                    :         JUDGMENT ENTRY
                                        :
FRED L. MANNS, JR.                      :
                                        :
            Defendant-Appellant         :         CASE NO. 11-CA-28


        For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.


                                        _____
                                        HON. W. SCOTT GWIN

                                        _____
                                        HON. JULIE A. EDWARDS

                                        _____
                                        HON. PATRICIA A. DELANEY