DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Carlos Ortega ("Ortega"), appeals the judgment of the Lorain County Court of Common Pleas which re-sentenced Ortega to an aggregate sentence of twenty-seven years and advised him of his post-release control obligations. This Court affirms.
 I. {¶ 2} On August 19, 2004, Ortega was indicted on one count of aggravated burglary under R.C. 2911.11(A)(1), and one count aggravated burglary under R.C. 2911.11(A)(2), both counts containing a three-year firearm specification, as well as a one-year firearm specification. On September 2, 2004, a supplemental indictment was filed indicting Ortega on one count of aggravated murder under R.C. 2903.01(B), one count of aggravated robbery under R.C. 2911.01(A)(1), one count of aggravated robbery under R.C. 2911.01(A)(3), one count of robbery under R.C. 2911.02(A)(1), one count of tampering with evidence under R.C. 2921.12(A), one count of murder under R.C. 2903.02(B), one count of felonious assault under R.C. 2903.11(A)(1) *Page 2 (2), and firearm specifications for all counts. On January 14, 2005, the jury found Ortega guilty of count one, aggravated burglary; count two, aggravated burglary; count three, aggravated murder; count seven, tampering with evidence; count eight, murder; count nine, felonious assault; and all of the corresponding specifications. Ortega was sentenced to "an aggregate sentence of 27 years to life."
 {¶ 3} On February 14, 2005, Ortega filed a notice of appeal with this Court. On July 21, 2005, Ortega's appeal was dismissed because he failed to file his brief within the statutory period. On November 3, 2005, this Court granted Ortega's motion for reconsideration. On May 5, 2006, this Court affirmed the ruling of the Lorain County Court of Common Pleas.
 {¶ 4} On October 19, 2007, Ortega filed a "motion to set aside void sentence[.]" On December 13, 2007, the trial court sentenced Ortega to an aggregate sentence of twenty-seven (27) years on the counts for which he had been convicted, and advised Ortega of the post-release control to which he would be subjected. Ortega filed a timely appeal on January 11, 2008.
 II. ASSIGNMENT OF ERROR I "THE JURY LOST ITS WAY WHEN IT FOUND MR. ORTEGA GUILTY FOR CONSPIRACY, AS THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED TO THE DETRIMENT OF MR. ORTEGA WHEN ADMITTING TESTIMONY INTO EVIDENCE THAT WAS ELICITED THROUGH LEADING QUESTIONS ON DIRECT EXAMINATION[.]"
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED TO THE DETRIMENT OF MR. ORTEGA WHEN IT ALLOWED THE DETECTIVE IN THE CASE TO TESTIFY ABOUT APPELLANT'S ATTEMPT TO ENFORCE HIS CONSTITUTIONAL RIGHT TO REMAIN SILENT WHEN QUESTIONED BY THE POLICE." *Page 3 
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED WITNESSES TO TESTIFY AS TO MATTERS OF WHICH ONLY AN EXPERT IN THE FIELD OF PHYSICIS [sic] COULD HAVE TESTIFIED TO THE DETRIMENT OF MR. ORTEGA."
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED HEARSAY TESTIMONY TO BE ADMITTED INTO EVIDENCE TO THE DETRIMENT OF MR. ORTEGA."
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE PROSECUTOR TO QUESTION A STATE WITNESS ON RE-DIRECT EXAMINATION ABOUT MATTERS OUTSIDE THE SCOPE OF CROSS EXAMINATION."
 ASSIGNMENT OF ERROR VII "THE TRIAL COURT ERRED TO THE DETRIMENT OF MR. ORTEGA BY NOT ALLOWING DEFENSE COUNSEL TO PROPERLY PRESENT CLOSING ARGUMENT."
 ASSIGNMENT OF ERROR VIII "THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DEPRIVED MR. ORTEGA OF A FAIR TRIAL."
 {¶ 5} Ortega sets forth eight assignments of error on appeal. However, because this Court already affirmed his conviction in his first appeal, Ortega is now precluded from setting forth new arguments which are unrelated to his re-sentencing.
 {¶ 6} "The law of the case doctrine `provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" Neiswinter v. Nationswide Mut. FireIns. Co., 9th Dist. No. 23648, 2008-Ohio-37, at ¶ 10, quoting Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3. *Page 4 
Ultimately, "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." Hubbard ex rel. Creed v.Sauline (1996), 74 Ohio St.3d 402, 404-05.
 {¶ 7} More specific to the case at hand, it has been found that where a "court affirm[s] the convictions in the First Appeal, the propriety of those convictions [becomes] the law of the case, and subsequent arguments seeking to overturn them [become] barred. Thus, in the Second Appeal, only arguments relating to the resentencing [are] proper."State v. Harrison, 8th Dist. No. 88957, 2008-Ohio-921, at ¶ 9.
 {¶ 8} In the case sub judice, Ortega does not set forth any arguments challenging the propriety or validity of his new sentence. Rather, Ortega sets forth new arguments attacking his conviction as entered by the trial court which were available to be pursued in his first appeal. Because this Court has already affirmed Ortega's conviction in ruling on his first appeal, he is now precluded from attempting to overturn that conviction on his second appeal after re-sentencing, and is limited to setting forth arguments relating only to his re-sentencing. Therefore, Ortega's eight new assignments of error challenging his conviction are barred by the "law of the case" doctrine. Accordingly, Ortega's eight assignments of error are overruled.
 III. {¶ 9} Ortega's eight assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J., CONCURS