The STATE of Ohio, Appellee,

v.

FISCHER, Appellant.

[Cite as *State v. Fischer,* 181 Ohio App.3d 758, 2009-Ohio-1491.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24406.

Decided March 31, 2009.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven R. DiMartino, Assistant Prosecuting Attorney, for appellee.

Claire R. Cahoon, Assistant State Public Defender, for appellant.

MOORE, Presiding Judge.

{¶ 1} Appellant, Londen Fischer, appeals from the decision of the Summit County Court of Common Pleas. This court affirms.

I

{¶ 2} On July 9, 2001, Fischer was indicted on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), two counts of aggravated burglary in violation of R.C. 2911.11(A)(2), one count of felonious assault in violation of R.C. 2903.11, and one count of intimidation of a crime victim or witness in violation of R.C. 2921.04. All seven counts had corresponding firearm specifications as set forth in R.C. 2941.145. On September 19, 2001, a supplemental indictment was filed, charging Fischer with one count of having a weapon while under disability in violation of R.C. 2923.13. This count also had a corresponding firearm specification in violation of R.C. 2941.145. Fischer pleaded not guilty to all the charges.

{¶ 3} On January 29, 2002, a jury trial commenced. The jury returned its verdict on February 1, 2002, finding Fischer guilty of one count of aggravated robbery with a firearm specification, two counts of aggravated burglary with firearm specifications, one count of felonious assault with a firearm specification, and one count of having a weapon while under disability with a firearm specification. The jury acquitted Fischer of the two counts of aggravated robbery and one count of intimidation of a crime victim or witness. On February 4, 2002, the trial court sentenced Fischer to a total of 14 years of incarceration. Fischer timely appealed his convictions and sentence, and on January 15, 2003, this court affirmed the trial court's judgment. On August 4, 2008, the trial court held a resentencing hearing, at which it advised Fischer of postrelease control and sentenced him to the same sentences it had previously imposed. Fischer has timely appealed from this resentencing. He has raised four assignments of error for our review, some of which we have combined for ease of review.

## II

### ASSIGNMENT OF ERROR I

As * * * Fischer's original sentence was void, his initial direct appeal was also invalid. The instant appeal is * * * Fischer's first direct appeal from a valid sentence.

{¶ 4} In his first assignment of error, Fischer contends that because his original sentence was void, his initial direct appeal was also invalid and therefore the instant appeal is his first direct appeal from a valid sentence. We do not agree.

{¶ 5} Specifically, Fischer contends that because his original sentence did not include a notice of postrelease control, it was void pursuant to *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at syllabus. While we agree with this statement of law, we do not agree with Fischer's contention that due to this defect, his original direct appeal is invalid and therefore he can now "raise any and all trial errors cognizable on direct appeal."

{¶ 6} We recently decided a similar issue in *State v. Ortega,* 9th Dist. No. 08CA009316, 2008-Ohio-6053, 2008 WL 4964131. In that case, Ortega was convicted by a jury and sentenced to 27 years of incarceration to life. He appealed from that decision, and this court dismissed the appeal as untimely. Ortega subsequently filed a motion for reconsideration, which we granted and affirmed the trial court's ruling.

{¶ 7} Over a year after his initial appeal was decided, Ortega filed a motion in the trial court to set aside a void judgment. He contended that his

sentence was void due to the lack of notice of postrelease control. Ortega was resentenced and subsequently appealed to this court. On appeal, Ortega attempted to raise several issues with regard to his jury trial, held two years prior to his resentencing. We determined that the doctrine of the law of the case governed the appeal.

> "The law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Neiswinter v. Nationwide Mut. Fire Ins. Co.,* 9th Dist. No. 23648, 2008-Ohio-37[, 2008 WL 81316], at ¶ 10, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3[, 11 OBR 1, 462 N.E.2d 410]. Ultimately, "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404–405[, 659 N.E.2d 781].

Id., 2008-Ohio-6053, 2008 WL 4964131, at ¶ 6.

 {¶ 8} As applied to the facts before the court in *Ortega,* we determined that when a " 'court affirms the convictions in the First Appeal, the propriety of those convictions becomes the law of the case, and subsequent arguments seeking to overturn them become barred. Thus, in the Second Appeal, only arguments relating to the resentencing are proper.'" Id. at ¶ 7, quoting *State v. Harrison,* 8th Dist. No. 88957, 2008-Ohio-921, 2008 WL 596528, at ¶ 9. Accordingly, Fischer's contention that he may raise any and all issues relating to his conviction in this appeal is without merit. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

The trial court abused its discretion in admitting lay witness opinion testimony, over objection, that was unrelated to that witness's perceptions and called for specialized knowledge.

{¶ 9} In his second assignment of error, Fischer contends that the trial court abused its discretion in admitting lay witness opinion testimony that was unrelated to that witness's perceptions and called for specialized knowledge.

{¶ 10} As we explained above, because we already affirmed Fischer's conviction in his first appeal, *State v. Fischer,* 9th Dist. No. 20988, 2003-Ohio-95, 2003 WL 118470, the doctrine of the law of the case limits our review to issues stemming from Fischer's resentencing hearing. An issue regarding witness testimony is clearly an issue that Fischer could have pursued in his initial appeal. *Ortega,* supra, at ¶ 6. Accordingly, Fischer's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

The resentencing court erred by imposing non-minimum and consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution.

## ASSIGNMENT OF ERROR IV

Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, for failing to object to the resentencing court's retroactive application of the Ohio Supreme Court's remedy in State v. Foster.

{¶ 11} In his third and fourth assignments of error, Fischer contends that the resentencing court erred by imposing nonminimum and consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. He further states that his trial counsel was ineffective for failing to object to this issue at the resentencing hearing. We do not agree.

{¶ 12} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id., at paragraphs one through seven of the syllabus. In constructing a remedy, the court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; *State v. Dudukovich*, 9th Dist. No. 05CA008729, 2006-Ohio-1309, 2006 WL 709102, at ¶ 19.

{¶ 13} Fischer contends that the remedy outlined in *Foster* violates the Ex Post Facto and Due Process Clauses of the United States Constitution because it allowed him to be sentenced to a nonminimum and consecutive term without the trial court having to make any findings on the record as was previously required by R.C. 2929.14(B), 2929.14(C), and 2929.14(E)(4). We have previously determined that the remedy in *Foster* does not violate the Due Process and Ex Post Facto Clauses of the United States Constitution. *State v. Rowles*, 9th Dist. No. 24154, 2008-Ohio-6631, 2008 WL 5245563, at ¶ 10. We have repeatedly stated that " '[w]e are obligated to follow the Ohio Supreme Court's directive and we are, therefore, bound by *Foster*. Furthermore, we are confident that the Supreme Court would not direct us to violate the Constitution.' " *State v. McClanahan*, 9th Dist. No. 23380, 2007-Ohio-1821, 2007 WL 1138426, at ¶ 7, quoting *State v. Newman*, 9th Dist. No. 23038, 2006-Ohio-4082, 2006 WL 2270945, at ¶ 11, citing *United States v. Wade* (C.A.8, 2006), 435 F.3d 829, 832 (holding that the Eighth Circuit is required to follow the directive of the United States Supreme Court and presumes that the United States Supreme Court would not

order a court to violate the Constitution). As this court cannot overrule or modify *Foster*, we decline to consider Fischer's challenges thereto. Accordingly, we conclude that Fischer was not prejudiced by any alleged failure of his trial counsel to object to this issue. See *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (requiring an appellant to show that he was prejudiced by counsel's deficient behavior). Fischer's third and fourth assignments of error are overruled.

## III

{¶ 14} Fischer's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

WHITMORE and DICKSON, JJ., concur.

DICKINSON, J., concurring.

{¶ 15} Fischer's first two assignments of error are the logical extension of the Ohio Supreme Court's decisions in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, and *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. As noted by Justice Lanzinger in her dissent in *Simpkins*, however, "[t]he holding that a sentence imposed with a missing mandatory term is void rather than voidable * * * obscures the distinction between these two legal concepts in the context of a criminal case." *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 40 (Lanzinger, J., dissenting). The trial court had subject-matter jurisdiction when it sentenced Fischer, and its failure to include a mandatory term in that sentence rendered the sentence voidable, not void.

{¶ 16} Abraham Lincoln, when accused of changing his position, said he would rather be right some of the time than wrong all the time. I urge the Ohio Supreme Court to again look at the distinction between void and voidable in this context.