[Cite as *State v. Woodson*, 2011-Ohio-1537.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

ROZELL WOODSON

    Appellant

C.A. No.    10CA0012


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    06-CR-0270

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

---

MOORE, Judge.

{¶1}　Appellant, Rozell Woodson, appeals from his conviction in the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2}　In a prior appeal, *State v. Woodson*, 9th Dist. No. 07CA0044, 2008-Ohio-1469, this Court set forth the underlying factual and procedural history as follows:

> "On July 26, 2007, Wayne County police officers surrounded a residence on Cleveland Road in Wooster, Ohio while waiting for Officer Quinn McConnell to return to the residence with a search warrant. Officers suspected the house's occupants of drug activity and planned to search the house upon Officer McConnell's arrival. Before he returned, however, officers witnessed a gold Dodge Stratus pull up to the house. The car contained three black males, two of whom remained in the car while a third exited the vehicle. The passenger who exited the vehicle approached the back of the house, disappearing from the officers' view. A short while later, the man returned to the Stratus and the vehicle pulled away from the residence.

> "Suspecting that the Stratus' occupants had engaged in a drug transaction at the Cleveland Road residence, officers at the scene radioed and requested that an available cruiser respond. Officer McConnell, returning with the search warrant, replied that he was in the area and proceeded to find and follow the Stratus.

Officer McConnell activated his police cruiser's lights and the Stratus pulled into a nearby gas station parking lot. The driver of the Stratus continued to drive the vehicle slowly through the parking lot. Finally, the Stratus stopped and the front passenger's door swung open. Officer McConnell quickly stopped, exited his cruiser, and shouted for all the occupants to put their hands into the air. Despite this command, the front passenger closed the door and the vehicle began to move again. Officer McConnell reseated himself in his cruiser to follow. The Stratus came to a halt a few seconds later and all three occupants flung their respective doors open. The driver and front seat passenger then ran from the vehicle while the backseat passenger remained.

"Officer McConnell stopped his cruiser and chased the two suspects on foot through a path between several trees at the back of the parking lot. He also radioed for help and other officers arrived quickly. Officer McConnell continued to pursue one suspect, later identified as Bennie Woodson ("Bennie"), and eventually took him into custody. Meanwhile, Officer Bill Belcher arrived and ran after the other suspect, later identified as Woodson. Officer Belcher chased Woodson over two fences and was able to taser Woodson before he cleared the second fence. After Officer Belcher arrested Woodson, he found two cell phones, a small bag of marijuana, and approximately $2,000 in cash on his person.

"Once the foot chase ended, officers searched the Stratus and the area along which Bennie and Woodson ran. They discovered a loaded revolver on the ground where Bennie and Woodson had run. Police also found marijuana in the center consol of the Stratus and a 12.55 gram bag of crack cocaine on the driver's seat.

"On July 13, 2006, a grand jury indicted Woodson on the following charges: (1) drug possession, a felony of the second degree pursuant to R.C. 2925.11; (2) a forfeiture specification pursuant to R.C. 2925.42; and (3) obstruction of official business, a felony of the fifth degree pursuant to R.C. 2921.31. On October 16, 2006, Woodson filed a motion to join as a party to the motion to suppress that James Ballard filed in his criminal case. Ballard, the backseat passenger in the Stratus who never fled, filed his motion to suppress on August 28, 2006, and the trial court held a hearing on that motion on September 20, 2006.

"The jury found Woodson guilty of complicity to possess crack cocaine and of obstructing official business, but not guilty of possessing crack cocaine. On May 10, 2007, the trial court sentenced Woodson to a total of five years in prison. Recognizing that the court had never ruled on his motion to join as a party in James Ballard's motion to suppress and the sentencing entry contained a flaw, Woodson filed a motion for final appealable orders on May 22, 2007. On May 30, 2007, the trial court granted Woodson's motion to join in Ballard's motion to suppress, but noted that the motion was denied pursuant to *State v. Ballard*, Wayne C .P. No. 06CR0276.

"On June 6, 2007, Woodson filed a notice of appeal. On December 10, 2007, this Court determined that the trial court's order was not final and appealable because

it did not dispose of the forfeiture specification in the indictment and did not comply with *State v. Miller*, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353. Subsequently, Woodson supplemented the record with a corrected journal entry containing a dismissal of the forfeiture specification and all of the required Crim.R. 32(C) elements." Id. at ¶2-8.

Woodson's appeal was then properly before this Court. This Court overruled Woodson's seven assignments of error and affirmed the judgment of the Wayne County Court of Common Pleas.

**{¶3}** On December 22, 2009, Woodson filed a petition to vacate his sentence because he was not sentenced to postrelease control. On March 3, 2010, the trial court held a resentencing hearing to inform Woodson of his postrelease control. The trial court's journal entry dated, March 24, 2010, reimposed the previous five-year sentence and imposed a mandatory three years of postrelease control.

**{¶4}** Woodson timely filed a notice of appeal. He raises eight assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED PLAIN ERROR BY MISINFORMING [] WOODSON OF HIS SENTENCE AT THE SENTENCING HEARING, AND BY GIVING HIM A SENTENCE IN THE ENTRY WHICH WAS DIFFERENT FROM WHAT WAS ANNOUNCED AT THE HEARING, IN VIOLATION OF U.S. CONST. AMEND.[]V, VI, AND XIV, [] OHIO CONST.[]ART.[]I, SEC. 10[,] R.C.[]2929.19 AND CRIM.R.[]43."

**{¶5}** In his first assignment of error, Woodson contends that the trial court committed plain error by misinforming him of his sentence at the sentencing hearing, and by journalizing a sentence which was different from the sentence pronounced at the hearing, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I., Section 10, of the Ohio Constitution, R.C. 2929.19, and Crim.R. 43.

{¶6} In *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, the Ohio Supreme Court held that when a "trial court fails to notify an offender that he may be subject to postrelease control at a sentencing hearing, as required by former R .C. 2929.19(B)(3), the sentence is void * * * [and t]he offender is entitled to a new sentencing hearing[.]" Id. at ¶16. The *Bezak* Court also concluded that the effect of determining that the sentence is void is "'the judgment is a mere nullity and the parties are in the same position as if there had been no judgment.'" (Citiations omitted.) *Bezak* at ¶12, quoting *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267-268.

{¶7} The *Bezak* holding was modified by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶26, which held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, *that part of the sentence* is void and must be set aside." (Emphasis added.) *Fischer* further clarified that "only the offending portion of the sentence is subject to review and correction." Id. at ¶27. The Court further explained that the remainder of the sentence remains valid. Id. at ¶17. Consequently, "the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." Id. at ¶29. In conducting a new sentencing hearing to remedy a postrelease control error, "only the offending portion of the sentence is subject to review and correction." Id. at ¶27.

{¶8} Here, Woodson filed a petition to vacate his sentence because he was not sentenced to postrelease control. On March 3, 2010, the trial court held a resentencing hearing to inform Woodson of his postrelease control. In accordance with *Fischer*, the postrelease control portion was the only portion of his sentence subject to review and correction. Id.

{¶9} At the hearing, the trial court expressed its intent to re-impose the same sentence. The trial court explained that if Woodson violated any condition that the parole board imposes, he "could be sent be sent back to prison for up to one half of the original sentence. And I believe

I gave you what is it, six [years]?" Counsel for Woodson incorrectly advised the trial judge that it was four years, when in actuality it had been a total of five years. Woodson asked the trial court for a reduced sentence, and the trial court responded that it was "not going to reduce the amount of time."

{¶10} The trial judge stated that "the sentence of four years consecutive will stand, one year on the F5. Those sentence[s] will be concurrent but consecutive to your Stark County sentence." However, in the court's journal entry dated March 24, 2010 the court provided that Woodson serve four years on the complicity charge and one year on the obstruction charge, and that these sentences were to be served consecutively, as opposed to concurrently.

{¶11} The new sentencing hearing should have been limited to notifying Woodson of postrelease control and including it in his sentence. See id. at paragraph two of the syllabus. The trial court, however, exceeded the limited scope of the hearing and attempted to alter the term of Woodson's original sentence. The only portion of Woodson's sentence subject to review and correction was the postrelease control.

{¶12} Because the trial court exceeded its authority when it attempted to resentence Woodson on aspects of his sentence that were not void, we vacate those parts of the resentencing entry that addressed anything other than postrelease control. Woodson's original concurrent sentences remain valid, as does the portion of the appealed resentencing judgment that addresses postrelease control. This renders Woodson's first assignment of error moot.

## ASSIGNMENT OF ERROR III

"[] WOODSON'S TRIAL COUNSEL WAS INEFFECTIVE, IN VIOLATION OF U.S. CONST.[]AMEND. VI AND XIV AND OHIO CONST. ART. I, SEC. 10."

## ASSIGNMENT OF ERROR IV

"THE TRIAL COURT ERRED BY DENYING [] WOODSON'S MOTION TO SUPPRESS."

## ASSIGNMENT OF ERROR V

"THE TRIAL COURT ERRED BY DENYING [] WOODSON'S RULE 29 MOTION AS TO COMPLICITY TO POSSESS CRACK COCAINE."

## ASSIGNMENT OF ERROR VI

"THE VERDICT OF GUILTY OF COMPLICITY TO POSSESS CRACK COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## ASSIGNMENT OF ERROR VII

"THE TRIAL COURT ERRED BY DENYING [] WOODSON'S RULE 29 MOTION AS TO THE LEVEL OF OFFENSE ON THE CHARGE OF OBSTRUCTING OFFICIAL BUSINESS, BECAUSE THERE WAS INSUFFICIENT EVIDENCE OF THE ELEMENT OF CREATING A RISK OF PHYSICAL HARM TO PERSONS."

## ASSIGNMENT OF ERROR VIII

"THE VERDICT OF GUILTY OF OBSTRUCTING OFFICIAL BUSINESS AT THE FELONY LEVEL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶13} Each of Woodson's third, fourth, fifth, sixth, seventh, and eighth assignments of error pertains to the merits of his underlying conviction. It is long-standing precedent in Ohio that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, at ¶37; *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143.

{¶14} The Ohio Supreme Court has now held that, if a defendant has "already had the benefit of one direct appeal, [he can] not raise any and all claims of error in a second, successive appeal." *Fischer* at ¶33, citing *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491. Accordingly, "[a]lthough the doctrine of res judicata does not preclude review of a void

sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus. Further, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at paragraph four of the syllabus.

{¶15} Woodson has appealed from his resentencing hearing, at which the trial court imposed a mandatory three years of postrelease control. He may only raise issues arising from that resentencing hearing because issues concerning the merits of his convictions are barred by res judicata. See, e.g., *State v. Cook*, 9th Dist. No. 25276, 2010-Ohio-6524. Because each assignment of error pertains to the merits of his original conviction, our review of Woodson's third, fourth, fifth, sixth, seventh, and eighth assignments of error is barred.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT'S SENTENCE IS EXCESSIVE DUE TO ITS BEING CONSECUTIVE TO A SEVENTEEN-YEAR SENTENCE FROM ANOTHER COUNTY AND IS ALSO AN UNNECESSARY BURDEN ON PUBLIC RESOURCES."

{¶16} In his second assignment of error, Woodson contends that the trial court's sentence is excessive due to its being consecutive to a seventeen-year sentence from another county.

{¶17} Our disposition of the first assignment of error vacates those parts of the resentencing entry that addressed anything other than postrelease control. Woodson's original concurrent sentences remain intact. Woodson's appeal is limited to issues arising out of the resentencing hearing, or in the instant matter, the imposition of postrelease control. *Fischer* at paragraph four of the syllabus. As stated above, it is long-standing precedent in Ohio that res judicata bars the consideration of issues that could have been raised on direct appeal. *Saxon* at

¶16-17, citing *Hutton* at ¶37; *D'Ambrosio*, 73 Ohio St.3d at 143. Woodson did not raise this issue in his direct appeal. According to *Fischer*, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus. Thus, our review of Woodson's second assignment of error is barred.

III.

{¶18} Because the trial court exceeded its authority when it attempted to resentence Woodson on aspects of his sentence that were not void, we vacate those parts of the resentencing entry that addressed anything other than postrelease control. Woodson's original concurrent sentences remain intact, as does the portion of the appealed resentencing judgment that addresses postrelease control. Woodson's first assignment of error is now moot. We decline to address Woodson's remaining assignments of error.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

CLARKE W. OWENS, Attorney at Law, for Appellant.

MARTIN FRANTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.