[Cite as *State v. Kirby*, 2011-Ohio-2636.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25412 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| ANTHONY J. KIRBY | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 06 11 4030 |

DECISION AND JOURNAL ENTRY

Dated: June 1, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1} A jury convicted Anthony Kirby of felonious assault, receiving stolen property, and driving under suspension. He appealed, and this Court affirmed his convictions. Subsequently, the trial court conducted a hearing in accordance with Section 2929.19.1 of the Ohio Revised Code to correctly impose postrelease control. Mr. Kirby has appealed from that hearing. The lawyer who was appointed to represent him has submitted a brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that no arguable issues exist for appeal. She has also moved to withdraw as Mr. Kirby's lawyer. Having reviewed the entire record and concluded that the resentencing proceedings were proper, this Court grants the motion to withdraw and affirms the judgment of the trial court.

## ANDERS BRIEF

{¶2} In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court wrote that, if a court-appointed lawyer conducts "a conscientious examination" of the record and concludes that an appeal would be "wholly frivolous," "[she] should so advise the court and request permission to withdraw." *Id*. at 744. Her request, however, must be accompanied by a brief "referring to anything in the record that might arguably support the appeal." *Id*. A proper *Anders* brief "serves the dual purpose of assisting the court in determining both that counsel has in fact conducted a review of the record and that the case may be decided without an adversary presentation." *State v. Lowe*, 9th Dist. No. 97CA006758, 1998 WL 161274 at *1 (Apr. 8, 1998).

{¶3} When this Court receives an *Anders* brief, "it must then itself conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous.'" *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). "Only after this separate inquiry, and only after [this Court] finds no nonfrivolous issue for appeal, may [it] proceed to consider the appeal on the merits without the assistance of counsel." *Id*. If this Court "disagrees with counsel . . . and concludes that there are nonfrivolous issues for appeal, 'it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.'" *Id*. (quoting *Anders*, 386 U.S. at 744).

## *STATE v. FISCHER*

{¶4} Mr. Kirby's lawyer submitted a brief containing five assignments of error, all of which related to his trial rather than to any aspect of his resentencing. She noted that "how this case proceeds is going to be determined by the Ohio Supreme Court's anticipated decision in *State v. Fischer*, [128 Ohio St. 3d 92, 2010-Ohio-6238.]" She requested that, "[i]f the [Ohio] Supreme Court affirms this Court's decision in [*State v. Fischer*, 181 Ohio App. 3d 758, 2009-

Ohio-1491], and [Mr.] Kirby's case cannot receive a fresh review," this Court treat the brief as an *Anders* brief because "[Mr.] Kirby's previous appeal would constitute the law of the case and would bar new issues, [and] no arguable issues would exist for appeal[.]"

{¶5} In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, the Supreme Court held that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *Id*. at ¶26. "[R]es judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Id*. at ¶40.

{¶6} Mr. Kirby has asserted that he was denied a fair trial, that he was denied the right to confront witnesses, that his felonious assault conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, and that he received ineffective assistance of counsel at trial. All of these alleged errors were raised or could have been raised on Mr. Kirby's first appeal and, therefore, are barred by res judicata. *State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, at ¶59. Because none of Mr. Kirby's assigned errors arise from his postrelease control hearing, they are outside the scope of this appeal. *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, at ¶40.

{¶7} This Court has fully reviewed the record and proceedings and has not identified any nonfrivolous issues for appeal. Accordingly, having independently reviewed the entire record and determined that all the proceedings were proper, this Court concludes that the trial court's judgment should be affirmed.

CONCLUSION

**{¶8}** Mr. Kirby's lawyer's motion to withdraw as counsel is granted. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.