[Cite as *State v. Wharton*, 2011-Ohio-6601.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 25662 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES M. WHARTON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 05 08 2925 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

MOORE, Judge.

{¶1}    Appellant, James M. Wharton, appeals from his conviction in the Summit County Court of Common Pleas.  This Court vacates and remands for proceedings consistent with this opinion.

I.

{¶2}    We considered this case in a previous appeal and summarized the facts as follows:

"[Wharton] was indicted on August 22, 2005, on one count of murder, in violation of R.C. 2903.02(A), a special felony; one count of felonious assault, in violation of R.C. 2903.11(A)(1), a second degree felony; and one count of murder, in violation of R.C. 2903.02(B), a special felony, for the death of Michael Burns following an altercation outside a bar on Kenmore Blvd., in Akron, Ohio.  The first count was later dismissed.  [Wharton] was tried before a jury on February 6, 2006, on the remaining two counts.  ("Trial One").  The jury convicted [Wharton] of the felonious assault charge, but was deadlocked as to the murder charge.  The trial court declared a hung jury and a new trial date was set for May 1, 2006, which date was later continued to May 16, 2006.  The trial court held sentencing on the felonious assault conviction in abeyance pending trial of the murder charge.

"On May 16, 2006, [Wharton] was tried before a jury on the murder charge and was convicted on May 23, 2006 ("Trial Two").  [Wharton] was sentenced on June

8, 2006, to a term of 15 years to life on the murder conviction and seven years on the felonious assault conviction, to be served concurrently." *State v. Wharton*, 9th Dist. No. 23300, 2007-Ohio-1817, at ¶2-3.

{¶3}     On appeal, this Court affirmed his convictions.  On June 18, 2010, Wharton filed a motion for resentencing because the trial court failed to properly notify him of postrelease control.  A hearing was held on September 23, 2010, and Wharton was sentenced de novo pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph one of the syllabus.  At the hearing, the trial court informed Wharton of postrelease control and reimposed his sentence of seven years of incarceration for the conviction of felonious assault, and fifteen years to life for the offense of felony murder.  In the September 30, 2010 judgment entry, the trial court acknowledged that it was reimposing Wharton's sentence of seven years of incarceration for the conviction of felonious assault, and fifteen years to life for the offense of felony murder.  The entry further ordered that the felonious assault conviction be merged into the felony murder because the offenses are allied offenses.  The judgment entry fails to mention postrelease control.

{¶4}     Wharton timely filed a notice of appeal.  He raises two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

"[WHARTON'S] CONVICTION FOR FELONY MURDER MUST BE VACATED BECAUSE HE WAS TRIED TWICE ON THE OFFENSE OF FELONIOUS ASSAULT, THE UNDERLYING PREDICATE OFFENSE FOR THE FELONY MURDER CHARGE, IN VIOLATION OF HIS RIGHT TO BE FREE FROM DOUBLE JEOPARDY AS GUARANTEED BY THE UNITED STATES AND OHIO'S CONSTITUTION."

## ASSIGNMENT OF ERROR II

"[WHARTON'S] CONVICTION MUST BE VACATED BECAUSE HIS RIGHT TO BE FREE FROM DOUBLE JEOPARDY HAS BEEN VIOLATED BY THE DUAL CONVICTIONS BECAUSE FELONIOUS ASSAULT AND FELONY MURDER ARE ALLIED OFFENSES OF SIMILAR IMPORT."

{¶5}    In his first and second assignments of error, Wharton contends that his conviction must be vacated because he was tried twice for the offense of felonious assault and because the convictions of felonious assault and felony murder are allied offenses of similar import and thus violate his double jeopardy rights.

{¶6}    Before we address Wharton's assignments of error, we must first address the scope of the resentencing hearing.  Wharton filed a motion for resentencing because the trial court failed to properly notify him of postrelease control.  The trial court held a de novo resentencing hearing pursuant to *State v. Singleton*, which at the time required the trial court to hold a de novo sentencing hearing to correct postrelease control in a sentence imposed before July 11, 2006.  *Singleton*, 124 Ohio St.3d at paragraph one of the syllabus.  The trial court reviewed the issue of allied offenses, and merged Wharton's convictions for felonious assault into the conviction for felony murder.  The entry fails to mention postrelease control.

{¶7}    During the pendency of this appeal, the Ohio Supreme Court released its decision in *State v. Fischer*, which clarified that when a trial court does not properly impose postrelease control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside," and that "only the offending portion of the sentence is subject to review and correction." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶26-27.  Thus, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the sentencing hearing."  Id. at paragraph four of the syllabus.  The court further held that res judicata does not preclude review of a void sentence, but it "still

applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶8}    In this case, as in *Fischer*, the only issues arising at the resentencing, and thus subject to review, were those involving the postrelease-control notification.  This is not a case involving a resentencing pursuant to a remand where the defendant raised an allied offenses issue on direct appeal, and this Court remanded the matter to the trial court to merge the convictions.  Accord *State v. Jones*, 9th Dist. No. 25676, 2011-Ohio-4934; *State v. Brown*, 2011-Ohio-1029, at ¶11 (concluding that the allied offenses issues were properly before the trial court because the appellate court had previously mandated the merger of two convictions).  As such, issues relating to allied offenses were not properly before the trial court.

{¶9}    Pursuant to *Fischer*, the trial court's authority was limited to informing Wharton about mandatory postrelease control.  *Fischer* at paragraph two of the syllabus.  It did not have the authority to merge the offenses and to resentence Wharton.  Because the trial court exceeded its authority by merging the offenses for sentencing, and it failed to properly impose postrelease control, we vacate the September 30, 2010 judgment entry.  Wharton's original concurrent sentences remain valid.  The matter is remanded to the trial court for resentencing to correct the void portion of his August 13, 1997 judgment entry, that is, the postrelease control portion of his sentence, leaving the remainder of Wharton's sentence intact.

{¶10}  Wharton's arguments in his first and second assignments of error pertain to the merits of his underlying conviction.  Subject to post-conviction remedies that may be available, it is long-standing precedent in Ohio that res judicata bars the consideration of issues that were raised or could have been raised on direct appeal.  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶16-17.  Because Wharton has already "had the benefit of one direct appeal, [he

can]not raise any and all claims of error in a * * * successive appeal." See *Fischer* at ¶33, citing *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491. "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus. Further, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at paragraph four of the syllabus.

{¶11} Wharton has appealed from his resentencing hearing. He may only raise issues arising from that resentencing hearing because issues concerning the merits of his convictions are barred by res judicata. See, e.g., *State v. Cook*, 9th Dist. No. 25276, 2010-Ohio-6524. Because each assignment of error pertains to the merits of his original conviction, our review of Wharton's assignments of error is barred.

III.

{¶12} We decline to address Wharton's assignments of error. Wharton's original concurrent sentences remain intact, and the matter is remanded for further proceedings consistent with this opinion.

Judgment vacated
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.