[Cite as *State v. Fischer*, 2012-Ohio-3665.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| --- | --- | --- | --- |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26110 |
| --- | --- | --- |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LONDEN K. FISCHER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 01 06 1593 |

DECISION AND JOURNAL ENTRY

Dated: August 15, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Londen Fischer, now appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In 2002, a jury convicted Fischer of aggravated robbery, two counts of aggravated burglary, felonious assault, having a weapon while under disability, and five firearm specifications. The court sentenced Fischer to a total of 14 years in prison, comprised of eight years on the aggravated robbery count, three years on the firearm specification arising from one of the aggravated burglary counts, and three years on the firearm specification arising from the weapon under disability count. The court did not impose a sentence for the three remaining firearms specifications, as it indicated that they merged into the two specifications on which Fischer was sentenced. Fischer appealed, and this Court affirmed his convictions. *State v. Fischer*, 9th Dist. No. 20988, 2003-Ohio-95.

{¶3} In 2008, Fischer filed a motion for resentencing based on a defective post-release control notification. The trial court resentenced Fischer, and he appealed. Although this Court addressed two assignments of error stemming from Fischer's resentencing, we rejected his remaining arguments because Fischer had already appealed from his underlying convictions. *State v. Fischer*, 181 Ohio App.3d 758, 2009-Ohio-1491 (9th Dist.). Fischer's appeal ultimately resulted in the issuance of *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, in which the Ohio Supreme Court held that a post-release control error only voids a sentence in part and the doctrine of res judicata applies with respect to the remainder of the sentence. The Supreme Court concluded that Fischer's first direct appeal flowed from a final judgment and affirmed this Court's decision in Fischer's second appeal. *Fischer* at ¶ 33-40.

{¶4} In 2011, Fischer filed a motion to vacate the three-year sentence he received on the firearm specification linked to his weapon under disability conviction. Fischer argued that, under Former R.C. 2929.14(D)(1), he was not statutorily eligible for the imposition of a sentence on that particular specification. Accordingly, he argued that his sentence was void and asked the trial court to vacate his three-year sentence on the offending specification. The trial court agreed that no authority for a sentence on the firearm specification existed and vacated it as void. The court then imposed a three-year sentence on the firearm specification linked to Fischer's aggravated robbery count. Previously, no sentence had issued on that specification because it had merged with two other specifications on which Fischer was originally sentenced; the specifications linked to one of his aggravated burglary counts and his weapon under disability count. Consequently, while the court vacated the prison term linked to the offending specification, the end result was that Fischer still received a 14 year sentence.

**{¶5}** Fischer now appeals from his sentence and raises one assignment of error for our review.

## II

### Assignment of Error

THE TRIAL COURT ERRED WHEN IT IMPOSED A FIREARM SPECIFICATION THAT WAS PREVIOUSLY MERGED, IN VIOLATION OF ARTICLE I, SECTION 10 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHO (sic) CONSTITUTION.

**{¶6}** In his sole assignment of error, Fischer argues that the trial court erred when it imposed a three year sentence on him for a previously merged firearm specification. We disagree.

**{¶7}** "Where a trial court fails to impose a sentence in accordance with statutorily mandated terms, it is void." *State v. Harris*, Slip Opinion No. 2012-Ohio-1908, ¶ 7. It is a "well-established principle that a court acts contrary to law if it fails to impose a statutorily required term as part of an offender's sentence." *Id.* at ¶ 15. Post-*Fischer*, the Ohio Supreme Court's inclination has been to treat only the offending portion of a defendant's sentence as void and to limit the scope of relief to the correction of the illegal portion of the sentence. *Id.* at ¶ 17-18; *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶ 24-27. *See also State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245.

**{¶8}** As previously explained, the trial court originally sentenced Fischer on two of his firearm specifications. The first specification was linked to one of his aggravated burglary counts, which arose from acts Fischer committed on June 24, 2001. The second specification was linked to his weapon under disability count, which occurred "on or about June 2001." Fischer's three remaining specifications, all of which were linked to counts that occurred on June

25, 2001, were merged with the foregoing two specifications. At the time of the commission of Fischer's offenses, R.C. 2929.14(D)(1)(e) provided:

> The court shall not impose any of the prison terms described in division (D)(1)(a) of this section * * * upon an offender for a violation of * * * section 2923.13 of the Revised Code unless all of the following apply:
>
> (i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.
>
> (ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense.

Fischer violated R.C. 2923.13 (having a weapon under disability), and the court imposed a three year prison term upon him pursuant to R.C. 2929.14(D)(1)(a). The State concedes, and the record reflects, that the trial court lacked authority to issue that three year prison term because Fischer did not meet the requirements of R.C. 2929.14(D)(1)(e), as set forth above. By sentencing Fischer to a prison term for which he was statutorily ineligible, the court exceeded its authority and imposed a sentence that was contrary to law. *See Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964). Therefore, that portion of Fischer's sentence was void. *Harris* at ¶ 17-18; *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶ 24-27.

{¶9} Apart from vacating the offending portion of Fischer's sentence, the court also imposed a prison term for one of the firearm specifications that had previously been merged. Fischer's original sentence contained three firearm specifications that the court merged. Those specifications were linked to a count of aggravated robbery, a count of felonious assault, and one of the counts of aggravated burglary. All three specifications arose from acts Fischer committed on June 25, 2001. After vacating the three-year prison term discussed above, the trial court imposed a three-year prison term for the firearm specification linked to Fischer's aggravated robbery count. In essence, the trial court substituted a new three-year prison term on another specification for the offending three-year prison term it was forced to vacate as void. Fischer

argues that the trial court lacked authority to do so as its jurisdiction was limited to vacating the void portion of his sentence. We do not agree.

{¶10} Former R.C. 2929.14 provided as follows:

> Except as provided in division (D)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section * * * 2941.145 of the Revised Code, the court shall impose on the offender * * * [a] prison term of three years * * *.

Former R.C. 2929.14(D)(1)(a)(ii). Moreover, the statute required offenders to serve any mandatory prison terms imposed pursuant to subsection (D)(1)(a) consecutively to any other mandatory prison terms imposed as well as consecutively to any prison term imposed for their underlying crime(s). Former R.C. 2929.14(E)(1)(a). The only exception was that a court could not "impose more than one prison term on an offender under [R.C. 2929.14](D)(1)(a) * * * for felonies committed as part of the same act or transaction." Former R.C. 2929.14(D)(1)(b). Accordingly, unless two or more firearm specifications were committed as part of the same act or transaction, Former R.C. 2929.14 required a trial court to impose three year prison terms for each specification and to run each term consecutively.

{¶11} The trial court originally sentenced Fischer on two firearm specifications: the specification linked to the aggravated burglary count that occurred on June 24, 2001, and the specification linked to the weapon under disability count that occurred "on or about June 2001." The court then merged Fischer's three remaining specifications, all of which were linked to counts that occurred on June 25, 2001, into those two specifications. The only way in which the court could have sentenced Fischer on two of his specifications was if it found that Fischer's offenses were not "committed as part of the same act or transaction." Former R.C. 2929.14(D)(1)(b). At the time of Fischer's original sentence, therefore, the court had determined

that his offenses arose from different acts or transactions. Fischer never challenged that determination on appeal.

{¶12} The court's vacation of Fischer's three-year prison term raised the issue of whether his other firearm specifications could remain merged now that only one prison term on a firearm specification survived; the specification linked to the aggravated burglary that took place on June 24, 2001. Per Former R.C. 2929.14, the trial court was statutorily obligated to impose a three-year prison term for each specification and to run each term consecutively unless the felonies to which the specifications were attached arose from the same act or transaction. *See* Former R.C. 2929.14(D)(1)(a)(ii), 2929.14(D)(1)(b), and 2929.14(E)(1)(a). As with the weapon under disability specification Fischer first brought to the court's attention, the court's failure to follow the statutorily mandated terms of Former R.C. 2929.14 for Fischer's other specifications would have resulted in another portion of Fischer's sentence being void. *See Harris*, 2012-Ohio-1908, at ¶ 14-18; *State v. Cole*, 4th Dist. No. 09CA16, 2010-Ohio-4774, ¶ 8 ("Because the trial court failed to impose the mandatory three-year prison term for one of the firearm specifications, the sentence (or lack thereof) for that specification is void."). Moreover, the trial court already had determined at the time of Fischer's original sentencing that not all of Fischer's charges arose from the same act or transaction.

{¶13} When a defendant's sentence is void due to a trial court's failure to include a mandatory term, the court has jurisdiction to conduct a resentencing to impose the mandatory term. *Harris* at ¶ 17-18. The trial court here left intact the prison terms for all of Fischer's underlying offenses. It also left intact the three-year prison term Fischer received on the specification to the aggravated burglary count that arose from conduct occurring on June 24, 2001. The court then imposed a three-year prison term for the firearm specification linked to

Fischer's aggravated robbery count because that count arose from conduct that occurred on June 25, 2001. The two other firearm specifications arising from conduct that occurred on June 25, 2001, merged with that sentence. In short, the trial court sentenced Fischer to two mandatory three-year prison terms for conduct in which he engaged on June 24, 2001, and June 25, 2001. In so doing, the court acted within its jurisdiction to issue a sentence that conformed to the statutorily mandated terms that existed at the time Fischer committed his offenses.

{¶14} Fischer argues that the trial court lacked authority to sentence him in the manner that it did because, unlike the current version of R.C. 2929.14, Former R.C. 2929.14 did not require firearm specifications to be served consecutively to one another. Fischer is mistaken. Former R.C. 2929.14 contained the same requirement for consecutive sentences that the current version of the statute contains. *See* R.C. 2929.14(D)(1)(a); Former R.C. 2929.14(E)(1)(a). He also argues that the trial court erred because it relied upon certain other provisions from the current version of R.C. 2929.14. The trial court did partially rely upon the current version of the statute to reach the result in this matter. In particular, the court relied upon R.C. 2929.14(B)(1)(g), the content of which was not in effect at the time Fischer committed his offenses. Even so, this Court will affirm a trial court's legally correct judgment on other grounds. *State v. Smead*, 9th Dist. No. 24903, 2010-Ohio-4462, ¶ 16, quoting *In re Estate of Baker*, 9th Dist. No. 07CA009113, 2007-Ohio-6549, ¶ 15 ("[A]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial."). The mandatory language contained in Former R.C. 2929.14 supports the result in this matter. Fischer's sole assignment of error is overruled.

III

**{¶15}** Fischer's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.